## HALSTED vs. BRICE.

1. A search warrant is not admissible in evidence for *any purpose*, unless it appears to have been founded upon the proper oath.

2. If any person other than a public officer be deputed to execute such a search warrant, the deputation is totally void; and if such person in executing the warrant commits a trespass, or do any tortuous act upon the property of another, the warrant will neither justify, excuse, or mitigate the act.

3. In order to authenticate, for the purpose of evidence, copies of proceedings had by a former justice of the peace whose term of office has expired, there must be some proof to

show that the justice who certifies the copy, is successor to the one before whom the proceedings were had, and became possessed of his "docket and papers."

## APPEAL FROM DALLAS CIRCUIT COURT.

### Todd for appellant.

1. The evidence is conclusive and uncontradicted, that the plaintiff owned and possessed the tools sued for, and the verdict is clearly against evidence.

2. The testimony admitted by the warrant is in the light of a justification of the trespass ; it is clearly inadmissible. It is entirely void by constitutional provision, being without oath ; and a party cannot justify a wrong by evidence made by himself, and make by it a title by his own oath, if it had been sworn to. Rev. Stat. const. p. 24, sec. 13.

### Ballou for appellee.

The counsel for the appellee insists that the warrant now in evidence was correctly admitted, whether the warrant was legal or not, or whether it was correctly certified or not.

1. Because the plaintiff first gave testimony of it. Lomax, plaintiff's witness, speaks of it, and says he was summoned by Mizer to assist in its execution, and it should have been admitted as a part of the transaction, as to the breaking of the box and taking the tools ; or in other words, as a part of the res gestae.

2. It was admissible to go to the jury in mitigation of damages, which may be given by the jury over and above the value of the tools, if the plaintiff had recovered for their value, and is at least competent for that purpose ; and whether it was sufficient or not for that purpose, is a question with the jury. It would have a tendency to show that Brice was acting in good faith, and as he no doubt thought, according to law, and is evidence to rebut the inference or conclusion that the jury might draw or come to, that Brice went there in a lawless manner, and without any color of right or authority, and broke open the chest or box, and took off the tools ; for if the tools in fact belong to Brice, he had a right to take them wherever he could find them, if he did it without committing a breach of the peace, which is not contended here that he did. The plaintiff had given in evidence, as I contend, another separate and important cause of action, for the purpose of increasing the damages, if he should recover, for the tools, as to breaking open the chest, and the manner of taking the tools, which the defendant at the time objected to. The plaintiff has not been enjoined by the admission of the warrant in evidence, and could not be in any way, unless he had recovered the value of the tools, for he had no right to recover damages over and above the value of the tools for the other wrongs in an action of tresspass, and as he failed to recover for the value of the tools, he was not entitled to recover damages for the other wrongs, or as it is termed, smart money, and it is self evident he was not injured. Hall vs. Woodson, 2 McLean Rep. C. C. R. 332 ; 21 Pick. 384 ; 2 Cow. Rep. 56 ; Moore vs. Hauks, 2 Aik. Rep. 390 ; 13 Johns. 294 ; 3 Cow. 84 ; Story on Con., secs. 500 and 504.

3. If the warrant was competent evidence for any purpose, although it does not appear in the bill of exceptions for what purpose it was offered, this court will not reverse the judgment, although it might not be good evidence in justification of the trespass.

4. The court ought not to have rejected the warrant when offered in evidence, nor excluded it after it was read, nor granted a new trial, as the plaintiff did not state to the court wherein the warrant was defective or illegal, or wherein the certificate of the justice was insufficient or illegal ; nor any reason why it should have been rejected or excluded. If any legal objec-

tion had been pointed out, it might have been removed or remedied by other evidence by defendant, and the court is not bound to notice or regard any captious objection of this character, and to be compelled to search out a legal objection to evidence. It should have been specifically pointed out by plaintiff's counsel, so that the court could have expressly decided the point. 8 Mo. Rep. 131; 6 Mo. Rep. 186; 7 Mo. Rep. 316; 5 Mo. Rep. 549; 19 Wend. 562; 4 Wend. 277; Rev. Stat. 1845, p. 906, sec. 32.

5. Admitting that it was not legally certified, the testimony of Lomax, plaintiff's witness, identified it as the warrant Mizer had. He states that he took it to be the same when he was summoned to assist in its execution, which was sufficient proof to let it go to the jury.

6. The warrant was legally certified and substantially good. See Missouri Statutes, 1845, p. 470, secs. 21 and 24; also page 891, secs. 1 and 2; 8 Mo. Rep. 512.

7. The verdict of the jury upon the merits will not be disturbed, if there is some slight evidence to sustain it. The jury are the judges of the sufficiency of the evidence and the credit of the witnesses.

8. The plaintiff in error made no objection to the instructions in the court below, and is precluded from making any here.

9. The judgment of the court below ought not to be reversed.

Judge BIRCH delivered the opinion of the court.

This was an action of tresspass, for taking and detaining certain tools of the plaintiff, upon which the defendant took the statutory issue. After testimony upon both sides, as to the ownership of the property, the plaintiff introduced a witness who testified that he saw the box of the plaintiff, broken open by one Mizer, under the defendant's direction, and under the authority of an alleged warrant for that purpose. The defendant objected to the evidence thus given, "as to the manner of taking the tools," but it was overruled. The same witness having further stated that he was summoned by Mizer, to assist in the execution of the alleged warrant, and having testified his belief of its conformity with a copy which purported to be set out in a transcript then before the court, it was permitted to be read to the jury, as follows:

"STATE OF MISSOURI, CAMDEN COUNTY:

"To the constable of Lick township, greeting : We command you to search and seize a certain lot of tools, consisting of five chisels, two augers, and one mortising axe, belonging to James Brice, supposed to be in the possession of John B. Halsted, or any where in the township, and give them up to said James Brice. Given under my hand, this 29th day of December, 1848. JOHN ATCHLY, J. P."

"At the risk and request of the plaintiff, I authorize Hartwell Mizer, to execute, and return this writ. JOHN ATCHLY, J. P.

"Justice's fee 15 cents."

"I return the within writ executed—tools found.

HARTWELL MIZER."

"I, J. J. Thrailkill, do certify that the above is a true copy of the original writ, as appears on file in my office, this 6th day of October, A. D. 1849.                    J. J. THRAILKILL, J. P."

There being no testimony of any character, denoting that there had been any previous *investigation* as to the ownership of the property described in the warrant, we can only conclude that there was none. The plaintiff consequently objected to the reading of the paper as above set forth, and that objection being overruled and excepted to, he next moved to exclude it from the consideration of the jury, which was in like manner overruled and excepted to. The court thereupon (predicated, in part, upon other testimony, which it is not deemed necessary to copy here) instructed the jury without objections, as follows:

"If the jury believe from the evidence, that the tools had not been actually sold by Brice to Halsted, but that at the time Brice took them they still belonged to him, they ought to find for the defendant, although he may have caused the chest or box of plaintiff to be broken open to get them. And unless the jury believe from the evidence, that Brice sold the tools to Halsted, and delivered, or permitted Halsted to take possession of them in consequence of such sale, they ought to find for the defendant; and if the jury believe that the tools still belonged to Brice, it is immaterial, in this suit, how he got possession of them."

The jury having been allowed, without objection at the time, to receive and find a verdict upon the instructions of the court, thus given, neither the propriety of such instructions, nor of a verdict found in accordance with them, could, for any error subsequently suggested or alleged, be here reviewed. It is not questioned, however, but that to maintain the action of trespass, under such a declaration as the present one, the plaintiff must have been the *owner* of the property taken from him. The instructions being therefore well enough, and the whole question therefore, narrowed to the admission and subsequent non-exclusion of the so called warrant of the justice, it may suffice to say, that whilst it would seem that it could not possibly *enlighten*, it is not for us to determine how far its assumption, and recital of the *ownership* of the property, as being in *Brice*, may have confessed, mislead or influenced the jury upon that question—the *only* legitimate one in issue. But for that, it might possibly be passed by as one of the comparatively harmless irregularities into which courts sometimes degenerate. Beyond that it seems redundantly if not oppressively apparent, that a paper thus issued, served, returned and certified, was utterly and wholly inadmissible of or any purpose, whether in justification, excuse or mitigation.

Admitting that it may have been founded upon the proper "oath" of the party, as prescribed by the statute, it was nevertheless not only informal, insufficient and absolutely illegal upon its very *face*, but its execution was delegated to, and assumed by, a person to whom authority was not only not *given*, but to whom it was expressly interdicted. The first four sections of the ninth article of the "act to regulate proceedings in criminal cases," being the only ones upon which we can suppose the proceeding to have been predicated, however, much may at times be deferred to the inartificial irregularities of subordinate magistrates, it ought not to have been overlooked that in this case there seemed to have been an apparently *contemptous* disregard of the law throughout. Even in the manner of certifying the alleged warrant, there is nothing from which it can be even legitimately *inferred* that the justice who makes the certificate became possessed of "the docket and papers" of the former justice in such manner as to impart the least validity to his certificate—so that if even the *original* pretence of a warrant might have been read, for the purpose ingeniously yet mistakenly argued by the counsel for the appellee, the unauthenticated paper, alleged to contain a copy of it could not be. I am unable, however, to perceive any thing out of the way in the testimony which was incidentally brought out by the plaintiff, "as to the manner of taking the tools"—certainly nothing to lay a foundation broad enough for the admission of *such* a transcript, either in its justification, excuse or palliation. If indeed, the defence stood upon *that* instead of the sole question of ownership, which the warrant was at least calculated to confuse, instead of elucidate, such a *transcript*, covering such a *warrant* and such a *service* of it, ought rather to augment than mitigate the damages. The admission of that transcript being therefore an error which cannot be pronounced wholly harmless, although it is *possible* that it may not, in any material sense, have influenced the finding of the jury, this court may regret, without feeling itself authorized to forego the obvious duty of reversing the judgment and remanding the cause, which is done accordingly.