# DECISIONS

OF THE

## SUPREME COURT OF MISSOURI.

### THIRD JUDICIAL DISTRICT.

JUNE TERM, 1838.

---

### GEORGE M. LITTLE v. JAMES M. LITTLE.

Where process does not run in the name of the State, the defect is fatal and cannot be cured by the appearance of defendant.

*J. Spalding*, counsel for plaintiff in error:

1. If the process was irregular in any respect, such defect was cured by the appearance of the defendant, and going to trial on the merits—Rev. Code, 350, sec. 4; 3 Mo. Rep. 369, Barnett & Ivers v. Lynch.

*T. Polk*, counsel for defendant in error:

1. It is expressly required, both by the constitution of the State of Missouri and her statute law, that "all writs and process shall run in the name of the State of Missouri"—vide Con. of the State of Mo. art. 5, sec. 19; also Rev. Code of 1835, page 351, sec. 10. See, also, Fowler v. Watson, Dec. Sup. Court of Mo. 1 Semi-annual part, page 27; also, Street v. Becket, decided at Fayette, 1834; Charless v. Marney, 1 vol. Mo. Dec. 537.

JUNE TERM,
1838..

Little v. Little.

2. The statute regulating justices' courts, art. 2, sec. 20, and art. 8, sec. 5, requires that, on the allowance of an appeal, the justice shall enter the same on his docket; and sec. 7, of the last named article, requires that the justice, on or before the first day of the term of the circuit court, next after the appeal shall have been allowed, shall file in the office of the clerk of the circuit court a transcript of all the entries made on his docket relating to the case, &c. In this case, the transcript does not show any allowance or entry of an appeal. The appeal was therefore irregularly taken, and the court did right to dismiss it.

3. The same statute, art. 2, sec. 12, page 351, gives a form of a summons, and requires the defendant to appear at the place named in the writ "at ten of the clock in the forenoon," thus fixing the very hour of the defendant's appearance. But in this case the writ does not name ten o'clock, nor indeed does it name any hour. It therefore does not conform to the statute, &c.

4. It also appears from the record, that the original process in the case is a *scire facias* to the defendant "to show cause why execution should not be made of the debt and costs," &c. not that the defendant should appear in order that a trial might be had for the purpose of rendering judgment, on which to issue execution; whereas, the transcript of the justice shows that the defendant appeared, and that there was a trial.

5. The transcript of the justice states, that the action is an action of debt on judgment. In such a case there might well be a trial by jury, &c. provided that the process was appropriate; and such proceedings are the only kind that are proper and legal; but here is a *scire facias*, which in no case, as far as my knowledge extends, can form the basis of any such proceedings.

6. It will also be remarked that this is a *scire facias* in one court, on a judgment obtained in another. True it is that they are both justices' courts, but they are no more the same court, than the circuit courts of the eighth and ninth judicial circuits are the same courts; nor does the record show that the docket and papers of Hartley Lanham had been delivered over, legally or otherwise, to David Thomas.

7. An action of debt is the only method of reviving a judgment by common law, which has stood without execution for a year and a day—3 Black. Com. 421; Co. Lit. 290, b. 1; or 3 Thomas' Coke, 560; 2 Tidd's Prac. 982; 3 et seq. Bacon's Abridg. title "Execution."

8. A *scire facias* must always be founded on some matter or proceeding of record—3 Thomas' Coke, 529; 2 Tidd's Prac. 966. A *scire facias*, as shown by the authorities above cited, can issue only on a judgment obtained in a court of record; and the justice's court not being a court of record, a *scire facias* issued thereon must be irregular and void.

JUNE TERM, 1838.

Little v. Little.

EDWARDS, Judge, delivered the opinion of the court.

This was a suit before a justice of the peace, in which George M. Little was plaintiff, and James M. Little defendant, commenced upon a judgment obtained some years before. The process was a *scire facias*, running in the following words: "State of Missouri, county of St. Louis, ss. To the constable of St. Ferdinand township, in said county, greeting. Whereas," &c. The defendant appeared and declared himself ready for trial before the justice, and a jury was sworn and found a verdict for defendant. The plaintiff appealed to the circuit court. There the defendant caused the witnesses which he had had subpœnaed by that court in this cause to be called, and upon their answering, the defendant, by his counsel, remarked that, before the jury was sworn, he had a motion to make in the cause; and thereupon moved the court to dismiss the appeal, upon the ground that the process was insufficient, not running in the name of the State, and not in conformity with the statute; and the court decided that said process was irregular and insufficient, and that the appeal must be dismissed, and thereupon dismissed the case.

The defendant insists that, if the process was irregular in any respect, such defect was cured by the appearance of the defendant, and going to trial on the merits; and refers to sec. 4, 350, R. C. '35, and to 3 Mo. R. 369. The section of law referred to, provides that "suits may be instituted before a justice, either by voluntary appearance and agreement of the parties, or by process." In this case, the parties have chosen to commence by process; and if that process was defective in deviating from the statute law only, the appearance of the party and going to trial on the merits, would cure those defects; and to this effect was the decision in the case of Barnett & Ivers against Lynch, in 3 Mo. R. 369. In that case, the summons required the defendant to "appear and answer Thomas Barnett and —— Ivers"—omitting the given name of Ivers; and the court decided that if the

Where process does not run in the name of the State, the defect is fatal, and cannot be cured by the appearance of defendant.

JUNE TERM,
1838.

objection could have been raised at any time, it was certainly waived by the repeated appearance of the defendant, and the proceedings before the justice. But the objection here is of a higher character. The process does not run in the name of the State. The constitution requires that "all writs and process shall run in the name of the State of Missouri." The writ commences, " State of Missouri, county of St. Louis, ss." These words merely fix the venue of the action. After these should follow, " State of Missouri, to the constable of St. Ferdinand township, greeting," &c. As the process does not run in the name of the State, the appeal from the justice was properly dismissed by the circuit court. The judgment of the circuit court ought therefore to be affirmed, and the other judges concurring, it is affirmed.