## MARTIN v. HOSTETTER et al.

No. 6576— Opinion Filed June 27, 1916.

(158 Pac. 1174.)

### 1. Mortgages—Foreclosure—Enforcement of Decree.

In order to enforce a decree of foreclosure of a mortgage upon real estate it is necessary under our Code that a special execution or order of sale issue from the office of the clerk of the district court to the sheriff.

### 2. Same—Order of Sale—Validity.

The provision of article 7, section 19, of the Constitution of Oklahoma, that the style of all writs and processes shall be "The State of Oklahoma" is mandatory, and an order of sale upon a decree of foreclosure of a mortgage upon real estate not running in the name of the "state of Oklahoma" to the sheriff is void, and will not support a sheriff's sale made thereunder.

### 3. Same—Amendment of Order.

An order of sale under a decree of foreclosure of a mortgage upon real estate not running in the name of "The State of Oklahoma" to the sheriff cannot be amended after the sale, so as to cure said defect and validate the sale.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Action by J. P. Martin against E. P. Hostetter and others. From an order confirming a sheriff's sale of real estate, plaintiff brings error. Reversed and remanded, with directions.

Wilson & Tomerlin and E. E. Buckholts, for plaintiff in error.

Shirk & Danner, for defendants in error.

Opinion by RUMMONS, C. This is a proceeding in error to reverse an order of the district court of Oklahoma county confirming the sheriff's sale of certain real estate in Oklahoma county under a decree of foreclosure. The appeal is brought by petition in error and case-made, and we are met at the threshold of the case with the motion of the defendant E. P. Hostetter to dismiss this appeal for defect of necessary parties defendant in error. On November 20, 1914, defendant in error filed his motion to dismiss this appeal upon practically the same grounds as presented in the instant motion. This motion was presented to the Supreme Court and overruled. We think we are concluded by such order of the Supreme Court from considering the present motion to dismiss the appeal.

J. P. Martin commenced this action against Belle Hodgen, E. C. Hodgen, an incompetent, and Belle Hodgen, as guardian of E. C. Hodgen, incompetent, and the Interstate Mortgage Trust Company, to foreclose a mortgage upon certain real estate in Oklahoma county. Belle Hodgen and E. C. Hodgen made default and never appeared in the case. After the time for answer on the part of the Hodgens had expired, the defendant in error obtained leave of court to intervene and file a cross-petition. In such cross-petition he set up the execution of a first mortgage by the Hodgens upon the real estate in question. J. P. Martin thereafter replied to this cross-petition and the case was tried resulting in a decree of foreclosure, adjudging E. P. Hostetter to have a first lien thereon, and ordering a sale of the real estate, without appraisement, after six months from the date of judgment. After the expiration of the six months E. P. Hostetter caused a purported order of sale to be issued by the clerk of the district court and delivered to the sheriff. The sheriff proceeded thereunder to advertise

and sell the said real estate. E. P. Hostetter filed a motion to confirm such sheriff's sale and J. P. Martin filed his objections to such confirmation and his motion to set aside said sheriff's sale. At the hearing the court permitted Hostetter to amend the order of sale by inserting therein the words, "The State of Oklahoma. to the Sheriff of Oklahoma County, Greeting," and thereupon ordered the confirmation of said sale. Martin excepted and brings this proceeding in error to reverse the action of the district court.

The only assignment of error made by the plaintiff in error that we need consider is, that the purported order of sale was void and of no effect because it did not run in the name of the state as required by article 7, sec. 19. of the Constitution of the state of Oklahoma. and that such order of sale, being absolutely void, could not be amended so as to give it any vitality, and that the sale confirmed by the order of the court, being made without a valid order of sale having issued to the sheriff, was void.

We shall consider the contentions of plaintiff in error in the order that they have been presented in his brief.

Section 5128, Rev. Laws 1910, is as follows:

"In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgments shall be rendered for the amount or amounts due, as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, and for the sale of the property charged and the application of the proceeds, or such application may be reserved for the further order of the court: and the court shall tax the costs, attorney's fees, and expenses which may accrue in the action, and apportion the same among the parties according to their respective interests, to be collected on the order of sale or sales issued thereon; when the same mortgage embraces separate tracts of land situated in two or more counties, the sheriff of each county shall make sale of the lands situated in the county of which he is sheriff. No real estate shall be sold for the payment of any money, or the performance of any contract or agreement, * * * except in pursuance of a judgment of a court of competent jurisdiction ordering such sale."

Section 5149, Rev. Laws 1910, is as follows:

"Executions shall be deemed process of the court, and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time."

Section 5150, Rev. Laws 1910, is as follows:

"Executions are of three kinds: First. Against the property of the judgment debtor.

Second. For the delivery of possession of real or personal property, with damages for withholding the same, and costs. Third. Executions in special cases."

Section 5162, Rev. Laws 1910, is as follows:

"If the words 'appraisement waived,' or other words of similar import, shall be inserted in any deed, mortgage, bond, note, bill or written contract, any court rendering judgment thereon shall order as a part of the judgment that the same, and any process issued thereon, shall be enforced, and that lands and tenements may be sold thereunder without appraisement; and such judgment, and any process issued * * * without any appraisement or valuation being made of the property to be sold: Provided, that no order of sale or execution shall be issued upon such judgment until the expiration of six months from the time of the rendition of said judgment."

Section 5216, Rev. Laws 1910, is as follows:

"In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs, be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

These provisions of our Code seem to be the only ones applicable to the questions raised in this case. In several jurisdictions it has been held that to enforce a decree of foreclosure of a mortgage, ordering the sale of real estate to satisfy the amount found due in such decree, no order of sale is necessary to authorize the sheriff to make sale of the property. but that the decree of the court ordering the property to be sold is sufficient authority to the sheriff to carry the decree into effect and make the sale, without the formality of an order of sale being issued by the clerk. While the question seems not to have been squarely considered, yet the Supreme Court of Kansas, from which state our Code has been taken, has considered the sections of the Code above quoted. The Supreme Court of Kansas, while recognizing the distinction between a sale under a decree of foreclosure and a sale under an execution issued for a money judgment, yet does not go to the extent courts in other jurisdictions have gone in holding that no order of sale is necessary. In the case of Norton v. Reardon. 67 Kan. 302, at page 308, 72 Pac. 861, at page 863, 100 Am. St. Rep. 459, Justice Smith. speaking for the court, says:

"By our statute certain restrictions have been imposed on chancery sales unknown to strict equity procedure. All executions.

whether general or special, must be issued by the clerk and directed to the sheriff. Gen. Stat. 1901, sec. 4891. Sales thereunder must also be held at the courthouse in the county where the lands are situated. Gen. Stat. 1901, sec. 4908. Sheriff sales made under execution or order of sale must be confirmed by the court. Gen. Stat. 1901, sec. 4952.

"Section 4994, General Statutes of 1901, set out above, directs that, 'in special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court.' Looking back to the preceding sections, we find that the only one which prescribes a public notice of the time and place of sale has relation to the sale of lands and tenements 'taken on execution,' referring obviously to a general execution where there had been a seizure or levy. The requirements of section 4915, · that the writ shall be returned by the officer within sixty days from its date, does not impose a limitation on the power of the court in cases like the present, where the interests of all parties to the suit might demand that an enlargement of the time for a return be ordered. In other words, a special case arises in a foreclosure suit, which is in the nature of a proceeding in rem, where the decree of the court operates directly on the mortgaged property, and where no levy or seizure is necessary."

This court, in the case of Price v. Citizens' State Bank et al., 23 Okla. 723, 102 Pac. 800, quotes the case of Norton v. Reardon, supra, with approval, and Mr. Justice Williams, delivering the opinion of the court, says:

"In this case, the execution appears to have been under the class of an execution in special cases (subdivision 4, sec. 4632, Wilson's Rev. & Ann. St. 1903 [chapter 66, art. 20, sec. 434, Code Civ. Proc.] and section 4709, Wilson's Rev. & Ann. St. 1903 [chapter 66, art. 20, sec. 511, Code Civ. Proc.] and the contention that the execution was not returned within 60 days from the date the same was issued, but on the sixty-second day, to wit, the second day after the return day, appears to have been an irregularity that would be cured by order of confirmation."

It seems clear from a reading of the provisions of our Code, sections 5128 and 5162, Rev. Laws 1910, quoted above, that it was in the contemplation of the framers of the Code that an order of sale or special execution should issue to enforce decrees foreclosing real estate mortgages. In section 5128, supra, the Code says:

"And the court shall tax the costs, attorney's fees, and expenses which may accrue in the action and apportion the same among the parties according to their respective interests, to be collected on the order of sale or sales issued thereon."

In section 5162, it is said concerning the provision for the waiver of appraisement:

"That no order of sale or execution shall be issued upon said judgment until the expiration of six months from the time of the rendition of said judgment."

The order of sale in this case is as follows:

"Whereas, at the May, 1913, term of the district court sitting within and for Oklahoma county, state of Oklahoma, on the 18th day of June, 1913, in the above-styled court and in said action, wherein J. P. Martin Lumber Company, substituted by J. P. Martin, was plaintiff, and E. C. Hodgen, Belle Hodgen, and Belle Hodgen, as guardian of E. C. Hodgen, Interstate Mortgage Trust Company, a corporation, and E. P. Hostetter were defendants, the said defendant, E. P. Hostetter, recovered a judgment against E. C. Hodgen and Belle Hodgen in the sum of $1,303.15, together with interest thereon from the 18th day of June, 1913, until paid, at the rate of 10 per cent. per annum, and a further and additional sum of $100 as an attorney's fee; and

"Whereas, in said action in said court, on the 18th day of June, 1913, a further judgment was rendered against J. P. Martin Lumber Company, substituted by J. P. Martin, its successor and assign, and E. C. Hodgen, Belle Hodgen, and Belle Hodgen, as guardian of E. C. Hodgen, and Interstate Mortgage Trust Company, a corporation, foreclosing a mortgage lien of E. P. Hostetter, and declaring said mortgage lien to be superior to any right, title or interest which any of the parties hereto have in and to the property hereinafter described; and

"Whereas, in said court, in said action, it was further adjudged and decreed that the defendant E. P. Hostetter do have and was given a judgment and decree of foreclosure on the property described in the cross-petition of the defendant E. P. Hostetter and hereinafter described, and against all of the other parties to this action as heretofore set out; and

"It was further ordered that if the plaintiff or the defendants to this action or either of them fail, for a period of six months from this day, to pay said E. P. Hostetter, the amount of judgment as hereinafter set out, an execution and order of sale issue to the sheriff of Oklahoma county, state of Oklahoma, commanding him to levy upon and sell, without appraisement, property in Oklahoma county, state of Oklahoma, to wit: Lots number five (5) and number six (6) in block number four (4), in Oak Park addition to Oklahoma City, Oklahoma—and apply the proceeds arising from said sale as follows:

"First, to the payment of all court costs in this action then unpaid.

"Second, to the payment of the defendant E. P. Hostetter the amount of his judgment, including interest and attorney's fees, as hereinbefore set out.

"Third, to the payment of the plaintiff, the sum of $260.00, together with interest there-

on at the rate of 10 per cent. per annum from the 13th day of May, 1913, and $17.50 as an attorney's fee.

"Fourth, the residue, if any, be paid into court to await the further order of the court or judge thereof.

"In witness whereof, I have hereunto set my hand and affixed the seal of this court, this 28th day of December, 1913.

"Thos. E. Kirby, Clerk,
"By H. W. Garrison, Deputy."

Indorsed on back:

"Execution and order of sale filed in district court, Oklahoma county, Okla., Jan. 30th, 1914. Thos. E. Kirby, Clerk, by H. W. Garrison, Deputy."

It will be noted that this purported order of sale is merely a recital in substance of the decree entered in the case by the court. It does not purport to command the sheriff or anybody to take any steps under the purported order. It therefore did not conform to the provisions of our Code entitled "Special Executions or Orders of Sale." In addition to that it is open to the objection made by plaintiff in error that it is not in the name of the state of Oklahoma.

It is contended, however, by defendant in error that these defects render the process voidable only, and that it was subject to amendment at any time. In support of this contention defendant in error relies upon the case of Christy v. Springs, 11 Okla. 710, 69 Pac. 864. In that case an execution issued upon a money judgment which was directed to the sheriff of Kingfisher county, but the execution was delivered to the sheriff of Canadian county. The sheriff of Canadian county proceeded to levy upon lands in said county by force of said execution and sell the same. Upon application this sale was confirmed. The court held that the confirmation of the sale cured the defect in the process. But it must be borne in mind that in Christy v. Springs, supra, the proceeding was not a direct attack upon the confirmation of sale as in this case. The question arose in an action by a party claiming title to the lands under the execution debtor against the purchaser at the execution sale to quiet the title to the said lands. We do not think that this case is a sufficient authority to warrant us in holding that in a direct attack upon an order of confirmation the failure of the process to run in the name of the state of Oklahoma is an amendable defect. This court in the case of Latimer v. Giles, 29 Okla. 234, 116 Pac. 795, holds that a summons issued by a justice of the peace, the caption of which was:

"State of Oklahoma, McClain County—ss. Before E. M. Price, a Justice of the Peace for Purcell Township, in and for Said County. To Mace Pugh. Constable—Greeting"

—is not a writ running in the name of the state of Oklahoma, and that it may be quashed upon motion and that such process is void. In Gordon v. Bodwell et al., 59 Kan. 51, 51 Pac. 906, 68 Ann. St. Rep. 341, the Supreme Court of Kansas held an order of sale issued without the seal of the court to be void, and that the same cannot be amended to support a sale previously made thereunder.

The Constitution of Kansas provides that all courts of record shall have a seal to be used in authentication of all processes, and the court in the case last cited held such provision to be mandatory, and that the omission of the seal was fatal to the validity of the process.

We therefore conclude that the purported order of sale in the instant case was a nullity, and that the district court was without power to permit an amendment thereof after sale. But it is contended by defendant in error that this objection cannot be raised by the plaintiff in error. Our court, however, has held against this contention of the defendant in error in the case of Sparks v. National Bank of Lawton, 21 Okla. 829, 97 Pac. 575, where it is said:

"That any person interested in real estate, whether party to the suit or not, may move to set aside the sale at any time before confirmation."

The plaintiff in error in the instant case clearly was interested in the real estate and clearly had the right to object to the confirmation of a sale of such real estate for any irregularities that might exist in said sale.

Because of the fatal defect in the order of sale upon which the sheriff's sale was made and because of the error of the district court in permitting an amendment thereof and confirming such sale, this case should be reversed and remanded, with directions to the trial court to set aside the pretended sheriff's sale.

By the Court: It is so ordered.