**CONDITT v. McKINLEY.**

No. 12467—Opinion Filed Oct. 30, 1923.
Rehearing Denied Jan. 15, 1924.

**1. Mortgages—Foreclosure—Order of Sale —Invalidity.**

The provision of article 7, section 19, of the Constitution of Oklahoma, that the style of all writs and processes shall be "The State of Oklahoma", is mandatory, and an order of sale upon a decree of foreclosure of a mortgage upon real estate, not running in the name of the "state of Oklahoma" to the sheriff is void, and will not support a sheriff's sale made thereunder. Martin v. Hostetter et al., 59 Okla. 246, 158 Pac. 1174.

**2. Same—Affirmance.**

Record examined, and held, that the order of sale under which sale was had in the case of Bonfoey v. Lewis et al., and on which defendant relied to pass title to Bonfoey, is null and void, and all proceedings had thereunder are likewise null and void, because the order did not run in the name of "the state of Oklahoma to the sheriff of Pontotoc county"; and that the judgment of the trial court so holding should be affirmed.

(Syllabus by Shackelford, C.)
Commissioners' Opinion, Division No. 4.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Jno. P. McKinley against Jack Simmons, B. H. Bonfoey, Sarah Hewlett, First National Bank of Ada, Nellie A. Conditt, and Mary A. Baker, to quiet title to certain lands in Pontotoc County. Judgment for plaintiff, and defendant Nellie A. Conditt appeals. Affirmed.

McKeown & Green, for plaintiff in error.

Wimbish & Duncan, for defendant in error.

Opinion by SHACKELFORD, C. This action was begun in the district court of Pontotoc county by Jno. P. McKinley, on January 14, 1920, against Jack Simmons, B. H. Bonfoey, Sarah Hewlett, First National Bank of Ada, Nellie A. Conditt, and Mary A. Baker, for the purpose of quieting the title of plaintiff against the defendants. to land in Pontotoc county described as the northeast quarter (N.E. 1-4) of the southeast quarter (S.E. 1-4) of section thirty-four (34), township five (5) north, range four (4) east. The allegations of the plaintiff are to the effect that he is the owner and in peaceable possession of the said property. and has had peaceable possession thereof for more than five years next before the bringing of the action. He deraigns his title as follows: Choctaw-Chickasaw Nation to Joe Lewis (a freedman), patent to freedman, approved October 6, 1908; Joe Lewis and Vie Lewis, his wife, to Sallie Fulton, warranty deed dated March 10, 1914; Sallie Fulton to Jno. P. McKinley, quitclaim deed dated January 29, 1918; and attaches copies of the instruments to his petition. He further alleges that the defendants claim some right, title, or interest in the land adverse to the plaintiff which constitutes a cloud upon plaintiff's title, and prays that his title be quieted. It appears that certain of the defendants were never served with summons, and the cause was abandoned as to them, and the others, except Nellie A. Conditt, made default.

The defendant Nellie A. Conditt filed answer and cross-petition. Her answer is, first, in effect a general denial; and for further answer she charges that the plaintiff bought the property subject to two mortgages; the first mortgage for $450, made to B. H. Bonfoey, and at the time of pleading belonging to some unknown party; and the second mortgage made by B. H. Bonfoey for $530 dated June 11, 1915,

to the defendant Nellie A. Conditt; and charges that B. H. Bonfoey was the owner of the property at the time of the execution of the said two mortgages, and that defendant is now the owner of the mortgage; and prays that she be decreed to be the owner of prior rights in the land because of her mortgage. By way of cross-petition she seeks to foreclose her mortgage on the land described, for the sum of $530 and costs against B. H. Bonfoey and Jack Simmons, parties defendant, and against Jno. P. McKinley, plaintiff; and attaches her mortgage and note secured thereby. The said instruments bear date of June 11, 1915, the mortgage appearing to have been filed for record June 14, 1915. By way of amendment to her answer and cross-petition, she pleads the five year statute of limitation against the introduction of the order of sale and sheriff's deed growing out of a foreclosure suit of a certain mortgage held by Bonfoey, and by which the defendant Nellie A. Conditt makes claim that B. H. Bonfoey acquired title.

On August 8, 1920, the plaintiff, Jno. P. McKinley, filed reply to the defendant's amended answer and cross-petition, in effect a general denial; and, further pleading, he alleges that the mortgage on which defendant Nellie A. Conditt relies is null and void for the reason that the only interest B. H. Bonfoey (mortgagor to Nellie A. Conditt) had in the property was a mortgage for the sum of $90 due him from Joe Lewis and Vie Lewis, and denies that either Bonfoey or the defendant Nellie A. Conditt has any other or further interest in the property than the rights granted in the mortgage given by Lewis to Bonfoey, and tendered and offered to pay into court the amount of said mortgage and interest, so that the same might be paid to the party entitled to receive it; and further alleges that Sallie Fulton was the legal holder of the title to the said land at the time of the execution of the mortgage under which the defendant Nellie A. Conditt claims.

The cause was tried to the court on September 28, 1920, resulting in a judgment for the plaintiff quieting his title; and subrogating the defendant Nellie A. Conditt to any rights held in the land by B. H. Bonfoey, and it being calculated that such rights amounted to $240.95, plaintiff paid same to the clerk of the court, who was ordered to deliver the same to the defendant Nellie A. Conditt, and have her note her acceptance of record; and she (Nellie A. Conditt) was given personal judgment against B. H. Bonfoey in the sum of $696.96, less the amount so paid into court by plaintiff, it being calculated said sum was the amount of B. H. Bonfoey's indebtedness to the defendant Nellie A. Conditt on his promissory note held and owned by her.

From this judgment the defendant Nellie A. Conditt prosecutes this appeal. She, as plaintiff in error, makes seven separate assignments of error. But, in her brief, it is said that there is but one question to be decided, and it is stated thus:

"There is but one question, as we see it, for this court to decide, and that is: was the deed of plaintiff McKinley superior to the mortgage of Conditt, the defendant?"

An examination of the record discloses that the proper answer to this question is decisive of the case. Upon the trial of the cause plaintiff established his chain of title from the allottee to himself. He then testified, in substance and effect, that he had been in possession of the property from the time Joe and Vie Lewis, the allottee and his wife, made their deed to Sallie Fulton, which was on the 10th of March, 1914. That he borrowed the money from Mrs. Fulton, and had the deed made from Lewis to her as security. He testified that B. H. Bonfoey had never been in possession of the property, that he had acquired from Bonfoey a release of all rights held by him, some time before the suit was filed.

The record discloses that the defendant Nellie A. Conditt acquired her rights, if any, in the said property in the following manner: On or about the 15th of January, 1913, the allottee of the land in question, Joe Lewis, together with his wife, Vie Lewis, made a mortgage to B. H. Bonfoey for the sum of $100. That the mortgagor made default in payment, and Bonfoey brought suit for the amount of the debt and interest, and for foreclosure of the mortgage. Judgment was entered in favor of Bonfoey against Joe Lewis and Vie Lewis, and some other parties, for the sum of $110.88, with interest at ten per cent., and $25 attorney's fees and costs, the judgment bearing date of February 24, 1914. On the 11th of September, 1914, the judgment plaintiff caused an order of sale to be issued and placed in the hands of the sheriff of Pontotoc county, directing him to make levy on the property and sell the same to satisfy the judgment entered on the mortgage debt. On the 17th of October, 1914, the sheriff made return of the order of sale, showing that he had performed the order by making levy upon the lands described and advertising and selling the same. That B. H. Bonfoey was the

highest and best bidder, and that he knocked the lands off to the said B. H. Bonfoey. And, after order of the court made confirming the said sale, and on the 17th day of November, 1914, the sheriff executed his deed purporting to convey the said lands to B. H. Bonfoey. The judgment of foreclosure of the mortgage made by Lewis to Bonfoey contains this statement as a part thereof, to wit:

"In case said defendants Joe Lewis and Vie Lewis fail for six months from the date of the rendition of this judgment to pay to said plaintiff the said sum of $110.88, together with interest thereon, and the costs of suit—an order of sale issue out of the office of the clerk of the district court of Pontotoc county, Oklahoma, to the sheriff of Pontotoc county, Oklahoma, commanding him to advertise and sell—the lands and tenements;" etc.

That on the 11th of January, 1915, the said B. M. Bonfoey executed in favor of Nellie A. Conditt, his mortgage covering the land involved in this litigation as a security for the sum of $530, interest and attorney fees, as represented by his promissory note of same date.

The question to be determined in this case is whether or not the foreclosure sale had at the instance of plaintiff B. H. Bonfoey, as against Joe Lewis and Vie Lewis, was a valid sale of the land. If the sale was a valid one, Bonfoey acquired title and his mortgage to Conditt was a valid mortgage and should have been foreclosed, and the judgment entered in this cause in the court below was wrong, and the cause should be reversed, with directions to the court below to enter judgment of foreclosure for the defendant Nellie A. Conditt against the said lands. If the sale was not a valid sale, then the judgment of the court below was correct.

An examination of the order of sale issued by the court clerk of Pontotoc county to the sheriff of said county, directing him to levy upon and sell the said lands, by way of carrying out the judgment of foreclosure entered in the suit by Bonfoey against Joe and Vie Lewis, shows upon its face that it did not run in the name of "the state of Oklahoma." For it to have conformed to the law of Oklahoma it should have run substantially in this wise: "The State of Oklahoma to the Sheriff of Pontotoc County," etc. There is an entire absence of any such order.

This same question was before this court in the case of Richmond v. Robertson et al., 50 Okla. 635, 151 Pac. 203, and in the first paragraph of the syllabus the law is declared to be:

"Mortgages—Foreclosure—Orders."

"An order of sale issued for the sale of property in a foreclosure proceeding is a special execution and a writ or process, and as such must run under the style required by the Constitution (art. 7, sec. 19), 'The State of Oklahoma.'"

In the body of the opinion the court said:

"By the decisions cited, and their application to the provisions of our Constitution and statute, we are led to the inevitable conclusion that an order of sale in a foreclosure proceeding is a process, and must be styled as provided in the Constitution. This constitutional requirement being absent in the order of sale before us, renders the same void and all proceedings thereunder, and necessitates a reversal of this case."

This same question was before this court again in the case of Martin v. Hostetter et al., 59 Okla. 246, 158 Pac. 1174. In the second paragraph of the syllabus the law is declared to be:

"The provision of article 7, section 19, of the Constitution of Oklahoma, that the style of all writs and processes shall be 'The State of Oklahoma' is mandatory, and an order of sale upon a decree of foreclosure of a mortgage upon real estate not running in the name of the 'state of Oklahoma' to the sheriff is void, and will not support a sheriff's sale made thereunder."

The order of sale issued in that case is the same as in the instant case. In the body of the opinion in the case cited, the court said:

"It will be noted that this purported order of sale is merely a recital in substance of the decree entered in the case by the court. It does not purport to command the sheriff or anybody to take any steps under the purported order. It therefore did not conform to the provisions of our Code entitled 'Special Execution or Orders of Sale.' In addition to that it is open to the objection made by plaintiff in error that it is not in the name of the state of Oklahoma."

Based upon the authorities above cited, we have concluded that the order of sale here under consideration was fatally defective and void, and all proceedings had thereunder were void and of no effect. Having reached this conclusion, the conclusion necessarily follows that the judgment of the court below was correct.

We recommend that the judgment rendered in this case in the court below be in all things affirmed.

By the Court: It is so ordered.