## C. C. McADOO v. STATE.

No. A-5761.   Opinion Filed Feb. 19, 1927.
(253 Pac. 307.)

Wright, Gill & Ramsdale, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cleveland county on a charge of maintaining a liquor nuisance, and his punishment fixed at imprisonment in the county jail for a term of 90 days and a fine of $250.

The defendant directs his argument principally to the contention that the search warrant under which the officers acted, and by which all material evidence was procured, was invalid because it did not run in the name of the state of Oklahoma.   The Attorney General has filed a confession of error, that part applicable to the question before us is:

"The Attorney General has attempted to brief only one point raised by the defendant upon his appeal, and that is his contention 'that the search warrant by which most of the relevant evidence obtained by the officers against this defendant during the search of his place was improperly styled and fatally defective.' We are of the opinion that this point is well taken by the defendant. The record shows that the search warrant, under the proposed authority of which the sheriff of Cleveland county made his search of the defendant's premises, in so far as it is necessary to consider the same for the purpose of this case, is as follows:

" 'In the County Court.

" 'State of Oklahoma, County of Cleveland—ss.:

" 'Search Warrant.

" 'To Frank Boggs, Sheriff of Cleveland County, Oklahoma, or to Any Deputy Therein:

" 'Whereas, complaint on oath and in writing, supported by affidavit, has this day been made before me. * * *'

"Section 19 of article 7 of the Constitution of Oklahoma, is as follows:

" 'All judges of courts of this state, and justices of the peace, shall, by virtue of their office, be conservators of the peace throughout the state.'

" 'The style of all writs and processes shall be "The State of Oklahoma." All prosecutions shall be carried on in the name and by the authority of the state of Oklahoma. All indictments, informations, and complaints shall conclude, "against the peace and dignity of the state." '

"To exactly the same effect is section 862, Comp. Stat. 1921:

" 'The style of all process shall be: "The State of Oklahoma." It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued.'

"An abundant line of decisions apparently hold that the above section of Constitution is mandatory. Richmond v. Robertson, 50 Okla. 635, 151 P. 203; Latimer v. Giles, 29 Okla. 234, 116 P. 795; Little v. Little, 5 Mo. 227, 32 Am. Dec. 317; Martin v. Hostetter, 59 Okla. 246, 158 P. 1174; Conditt v. McKinley, 94 Okla. 266, 221 P. 1007.

"Section 2876, Compiled Oklahoma Statutes, 1921, is a definition of a search warrant, as follows:

" 'A search warrant is an order in writing, in the name of the state, signed by a magistrate, directed to a peace officer, commanding him to search for personal property and bring it before the magistrate.'

"And in section 2881, Compiled Oklahoma Statutes 1921, a substantial form for a search warrant is provided by our Legislature. Upon an examination of the statutes and decisions of other states, we find that the definition provided by the Oklahoma statutes and the form suggested agrees substantially with the definition and form recognized throughout the Union, England, and Canada.

"There can be no doubt but that a search warrant is 'process' as contemplated by the Oklahoma Constitution and the corresponding sections of our statutes.

"In view of the evidence in this case, which tends conclusively to support the verdict, and in view of our harmless error statute, the omission in the case at bar, at first glance, may seem a trivial or unimportant thing, yet under the decisions of the Oklahoma courts as well as tribunals of other states, we believe said omission is fatal to the validity of the search warrant, and it therefore follows that the evidence obtained thereunder was incompetent and its admission prejudicial error.

"Respectfully submitted. George F. Short, Atty. Gen. Leverett Edwards, Asst. Atty. Gen."

Since the Constitution, § 19, art. 7, and the statute (section 862, Comp. Stat. 1921) require that process shall run in the name of the state of Oklahoma, if

a search warrant is "process" within the meaning of the statute and Constitution, this prosecution must fail, since the search warrant does not run from the state of Oklahoma. The caption, "State of Oklahoma, County of Cleveland," merely fixes the venue. There is no order or command from the state of Oklahoma to any officer, commanding him to execute the process.

24 R. C. L. p. 701, § 3, is in part as follows:

"A search warrant is an order in writing in the name of the people (or the state, or the commonwealth * * *) signed by a magistrate, directed to a peace officer, commanding him to search for personal property and bring it before the magistrate. * * * It may be invoked only in furtherance of public prosecutions. * * * It is in the nature of a criminal process, and is intended to aid in detecting and punishing crime, and has no relation to civil process or trials."

See, also, 35 Cyc. p. 1265, III A, Id., p. 1277, "Search Warrant," and definitions; 6 Words and Phrases, p. 5643. See, also, Caples v. State, 3 Okla. Cr. 72, 104 P. 493, 26 L. R. A. (N. S.) 1033.

A search warrant is clearly "process" within the meaning of the Constitution and statute above referred to, and in order to be valid must run in the name of the state. The search warrant under which the evidence introduced in this case was obtained did not run in the name of the state, and was invalid, and upon timely objection, as made, this evidence should have been excluded. The confession of the Attorney General is well taken.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.