### E. A. DUNN v. STATE.

No. A-6111.    Opinion Filed May 5, 1928.
(267 Pac. 279.)

Morgan, Osmond & Morgan, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of

Caddo county on a charge of maintaining a place where intoxicating liquors were kept, and was sentenced to pay a fine of $350, and to serve six months in the county jail.

Before entering upon the trial, defendant filed a motion to suppress evidence as having been obtained by an illegal search warrant. This motion was sustained in part and overruled in part. It appeared that at one time D. A. Tucker, a federal prohibition officer, filed before a justice of the peace of Caddo county an affidavit for a search warrant for defendant's premises. A search warrant in the regular form was thereupon issued directed to the sheriff or constable of Caddo county. Apparently this search warrant was never delivered to any sheriff or constable, but was delivered to Tucker, the federal prohibition officer, and by him served and a return made by him as federal prohibition officer. Some days later a complaint in the form of an affidavit, signed by the sheriff, was filed before justice of the peace, and a search warrant was issued thereon to search defendant's premises. There was no jurat of the justice of the peace attached to this instrument to indicate that it had ever been verified, and the trial court sustained the motion to suppress the evidence obtained by this latter search warrant, and overruled the motion as to the search warrant served by Tucker as federal prohibition officer.

The question then arises, May a search warrant issued to a peace officer of the state be served by a federal prohibition officer, or a private person? The question must be answered in the negative. Article 19, c. 7 (Comp. St. 1921), regulating procedure criminal, provides for the issuance and service of search warrants. They must run in the name of the state to a peace officer. A form of warrant is provided by section

/2881 of said article 19, setting out that the warrant may run to any sheriff, constable, marshal, or policeman. A search warrant may be served by any of the officers mentioned in its direction. Section 7009, Comp. St. 1921, supplements article 19, but does not modify its general provisions. A search warrant is "process." McAdoo v. State, 36 Okla. Cr. 198, 253 P. 307. Section 2882, Comp. St. 1921, reads:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

A federal prohibition officer is a private person so far as the state statutes are concerned, and is without any authority to execute state process, except as he may do the same in aid of any state officer named in the process. See Halsted v. Brice, 13 Mo. 171.

All the evidence having been obtained by a private person attempting to serve process directed to a state officer, it follows that the motion to suppress should have been sustained.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.