## CHAUNCY RHODES v. STATE.

No. A-6137.   Opinion Filed May 19, 1928.
(267 Pac. 490.)

M. Bristow, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Caddo county, Okla., on a charge of having possession of intoxicating liquor with intent to sell, barter, give away, and otherwise dispose of the same, and was sentenced to imprisonment in the county jail for a period of 30 days, and to pay a fine of $100.  Motion for new trial was filed and overruled.  The defendant duly excepted, and has appealed to this court.

The record discloses that the affidavit by George G. Nixon for a search warrant was positive in form, describing the premises of the defendant to be searched; the last paragraph in the affidavit stating that the affiant had watched the place of defendant, and had seen a number of persons who drank whisky going into the building on said premises with Chauncey Rhodes and coming therefrom, and that affiant believed they were obtaining whisky on said premises.  Upon this affidavit a search warrant was issued, and a search of defendant's chicken house and outbuildings made, and four and one-half pints of whisky was found.

Before the trial, defendant filed a motion to suppress the evidence procured by the search warrant, setting out various reasons why the evidence was inadmissible.  This motion was overruled.  The ruling of the

court is assigned as an error. The defendant has discussed all of his assignments of error under the first assignment "that the court erred in overruling his motion for a new trial."

The defendant urges that the affidavit is an affidavit on information and belief, though the first paragraph of the affidavit is positive as to what is being done by the defendant in the buildings that were searched by the sheriff, and that no evidence obtained by such search was admissible, and urged that, upon the motion to suppress, it was disclosed by the sheriff that he had no positive knowledge of the violation of the law when he made the affidavit upon which the search warrant is based.

The affidavit made by the prosecuting witness in this case contained positive averments as to the things that were being done by the defendant in violation of the prohibitory laws. It is difficult for this court to understand why an officer of the law will make an affidavit as to a positive fact without any knowledge whatever as to a law violation. Officers sworn to enforce the law should make careful investigation, and, where facts are known to them, should without hesitancy make such affidavits as are necessary to properly investigate and to bring the parties to justice who are violating the law.

Whether true or untrue, the affidavit was sufficient in this case to justify the issuing of a search warrant. The purpose of an affidavit for a search warrant is the same as an affidavit verifying a complaint for a warrant of arrest, and for the protection of citizens against unlawful searches and seizures, and to comply with the Constitution and statutory requirements that a search warrant shall be issued upon probable cause supported

by oath or affirmation. Article 2, § 30, state Constitution.

This court, in Phillips v. State, 34 Okla. Cr. 52, 244 P. 451, held:

"The truth of an affidavit to procure a search warrant, positively sworn to, is not an issue in the trial of a case in which evidence procured by such search warrant is offered." Cahill v. State, 38 Okla. Cr. 236, 260 P. 91.

The sufficiency in form or substance of the affidavit or search warrant may be challenged by motion to suppress the affidavit and warrant, or by an objection to the evidence at the time it is offered by the state, but, where an affidavit sufficient in form is filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing a violation of the law as stated in the affidavit exists. If the magistrate determines there is probable cause, and issues a search warrant sufficient in form and substance, which is properly executed by the officer to whom it is directed, its validity cannot be attacked by proof outside the record that the facts stated in positive terms in the affidavit were in fact made upon information and belief.

The defendant in this case urges that he did not have anything to do with the whisky found in his chicken house, nor does he know how it got there, but he admits he was occupying it with his chicken feed and tools, and that he had a key to the house and claims that on one occasion he loaned the key to another man, who, it seems, hurriedly left the place about the time the sheriff was searching it, and caught a train out of town, and has not been heard from since.

After a careful examination of the entire record and argument of the defendant, we find no error prejudicial to the rights of the defendant; the defendant's

motion to suppress the evidence and his motion for a new trial was properly overruled; the instructions of the court correctly stated the law. Finding no error in the record, the judgment and sentence is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.