## DAVE MYERS v. STATE.

No. A-6165.   Opinion Filed May 26, 1928.
(267 Pac. 867.)

Wright, Gill & Ramsdale, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Oklahoma county on a charge of possession of intoxicating liquor, to wit, 20 gallons of wine, a substance containing more than one-half of 1 per cent. of alcohol capable of being used as a beverage, and his punishment fixed at a fine of $50 and confinement in the county jail for a period of 30 days.

Before the case was called for trial the defendant filed his motion to suppress the evidence, alleging that the justice of the peace was without authority to issue the warrant under which the search and seizure was made, and that said warrant is insufficient in form and wholly void, and further that the complaint on which the said purported warrant was issued is insufficient in form and substance to authorize the issuing of any warrant, the premises searched being the private residence of the defendant.  Motion to suppress the evidence was overruled and defendant duly excepted.

The defendant in his argument urges that the affidavit upon which the search warrant is based is insufficient to authorize the officers to search the residence of the defendant. Section 7013, C. O. S. 1921, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

Nowhere in the affidavit is it stated that any part of the residence of the defendant is used as a store, shop, hotel, boarding house, or place of storage, or that said residence

is a place of public resort. The affidavit, containing only general allegations, does not comply with the statute when it is desired to search the private residence of the defendant.

This court has many times held that a search of a private residence, not coming within the language of the Compiled Statutes. 1921, § 7013, is illegal. Cosby v. State, 30 Okla. Cr. 405, 236 P. 906; McClure v. State, 31 Okla. Cr. 60, 237 P. 145; Buxton v. State, 37 Okla. Cr. 402, 258 P. 814.

It is further urged by the defendant in this case that the search warrant, based upon the affidavit herein referred to, is void because it does not run in the name of the state of Oklahoma. An examination of the warrant upon which the officers relied to justify their search shows that the warrant does not run in the name of the state of Oklahoma, but, after the caption, which only shows the venue of the court, the warrant is addressed: "To any sheriff, constable, marshal, or policeman in the county of Oklahoma, greeting." McAdoo v. State, 36 Okla. Cr. 198, 253 P. 307.

We therefore hold that the allegation in the affidavit is insufficient to give the justice of the peace jurisdiction to issue the search warrant, and the search warrant is void for failure to run in the name of the state of Oklahoma, as required by law.

There being no evidence except the evidence secured by the unlawful search of defendant's premises, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.