## GEORGE SLOAN v. STATE.

No. A.-6811.   Opinion Filed Nov. 23, 1929.
(282 Pac. 898.)

Sam S. Gill, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of manufacturing whisky, and his punishment fixed at a fine of $500 and confinement in the county jail for a period of 6 months.

The defendant contends that the search warrant was void, and that therefore the evidence secured thereunder was inadmissible; the particular objection to the search warrant being that it did not run in the name of the state of Oklahoma.

Article 7, § 19, of the Constitution of Oklahoma provides:

"The style of all writs and processes shall be 'The State of Oklahoma.' All prosecutions shall be carried on in the name and by the authority of the State of Okla-

homa. All indictments, informations, and complaints shall conclude, 'against the peace and dignity of the State.' "

Section 862, C. O. S. 1921, provides:

"The style of all process shall be: 'The State of Oklahoma.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

This court, in the recent case of McAdoo v. State, 36 Okla. Cr. 198, 253 Pac. 307, said:

"The provision of article 7, § 19, of the Constitution and section 862, Comp. Stat. 1921, requiring that process shall run in the name of the state of Oklahoma, is mandatory. * * * A search warrant is 'process' within the meaning of section 19, art. 7, of the Constitution and section 862, Comp. Stat. 1921, and must run in the name of the State of Oklahoma." Dunn v. State, 40 Okla. Cr. 76, 267 Pac. 279.

In Myers v. State, 40 Okla. Cr. 170, 267 Pac. 867, this court said:

"The provisions of article 7, § 19, of the Constitution, and section 862, Comp. Stats. 1921, requiring that process shall run in the name of the state of Oklahoma, is mandatory. In a prosecution for having possession of intoxicating liquor, evidence obtained by search warrant not running in the name of the state should have been excluded on timely objection."

The search warrant conferring no authority on the officer to make the search, the search and seizure was illegal, and the eivdence obtained inadmissible.

For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.