## JIM MURRAY v. STATE.

No. A-7351.   Opinion Filed May 2, 1930.
(287 Pac. 781.)

Sam S. Gill, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining and operating a public nuisance and his punishment fixed at a fine of $100 and confinement in the county jail for sixty days.

The defendant contends that the search warrant was void, and that therefore the evidence secured thereunder

was inadmissible. The search warrant was particularly objected to, in that it did not run in the name of the state of Oklahoma. That part of the search warrant pertinent to this case reads as follows:

"State of Oklahoma ⎱
⎰ ss. Search Warrant.
"Oklahoma County ⎰

"In the Justice Court of Oklahoma City District.

"To any Sheriff, Constable, Marshal or Policeman in the County of Oklahoma, Greeting:

"Proof by affidavit having been made this day before me by a competent person,   *   *   *"

Article 7, § 19, of the Constitution of Oklahoma, provides:

"The style of all writs and processes shall be 'The State of Oklahoma.' All prosecutions shall be carried on in the name and by authority of the State of Oklahoma. All indictments, informations, and complaints shall conclude, 'Against the peace and dignity of the State.' "

Section 862, C. O. S. 1921, provides:

"The style of all process shall be: 'The State of Oklahoma.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

In the case of McAdoo v. State, 36 Okla. Cr. 198, 253 Pac. 307, this court said:

"The provision of article 7, § 19, of the Constitution and section 862, Comp. Stat. 1921, requiring that process shall run in the name of the state of Oklahoma, is mandatory. A search warrant is 'Process' within the meaning of section 19, art. 7, of the Constitution and section 862, Comp. Stat. 1921, and must run in the name of the state of Oklahoma." Dunn v. State, 40 Okla. Cr. 76, 267 Pac. 279; Myers v. State, 40 Okla. Cr. 170, 267 Pac. 867; Sloan

v. State, 45 Okla. Cr. 228, 282 Pac. 898; Woods et al. v. State, 46 Okla. Cr. 288, 287 Pac. 769.

The search warrant conferring no authority on the officers to make the search and seizure, the same was illegal and the evidence obtained thereby inadmissible. For the reasons stated the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.