## STATE v. GURNEY BAYLIFF.

No. A-9072.  Aug. 21, 1936.
(60 Pac. [2d] 402.)

Mac Q. Williamson, Atty. Gen., and O. Mark Ginder, Co. Atty., for the State.

H. W. Wright, for defendant in error.

DAVENPORT, J. This is an appeal by the state from a ruling by the trial court wherein the court held that the search warrant upon which the officers acted in making a search was void, for the reason that it did not run in the name of the state of Oklahoma; the caption of the search warrant held void by the trial court being as follows: "In the name of Alfalfa County, Oklahoma. Search Warrant."

Then the direction in the warrant reads as follows: "To the Sheriff, Deputy Sheriff of Alfalfa County, Oklahoma."

The caption of the warrant fixes the venue in the case, but nowhere does the warrant run in the name of the state of Oklahoma to any officer (naming them) of Alfalfa county. Article 7, section 19, of the Constitution of Oklahoma, provides that the style of all writs and processes shall be: "The State of Oklahoma."

All prosecutions shall be carried on in the name and by the authority of the state of Oklahoma. All indictments, informations, and complaints shall include, "against the peace and dignity of the State." Section 19, O. S. 1931, provides:

"The style of all process shall be 'The State of Oklahoma.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

The provisions of article 7, section 19, of the Constitution, and section 19, O. S. 1931, requiring that process shall run in the name of the state of Oklahoma, is mandatory. A search warrant is process within the meaning of article 7, section 19, of the Constitution, and section 19, O. S. 1931, and must run in the name of the state of Oklahoma. Dunn v. State, 40 Okla. Cr. 76, 267 Pac. 279; Myers v. State, 40 Okla. Cr. 170, 267 Pac. 867; Murray v. State, 47 Okla. Cr. 219, 287 Pac. 781; Bishop v. State, 47 Okla. Cr. 249, 288 Pac. 363.

The search warrant in this case does not comply with the requirements of the Constitution and the laws of the state of Oklahoma, and the ruling of the trial court in quashing the same and dismissing the case against the defendant was proper.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.