## W. T. EVANS v. STATE.

No. A-8302. Sept. 9, 1932.
Dissenting Opinion Sept. 27, 1932.
(14 Pac. [2d] 691.)

Jas. A. Embry, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was on a charge of a second violation of the prohibition law convicted of transporting intoxicating liquor, and his punishment fixed at a term of one year and one day imprisonment in the state penitentiary, and a fine of $50, and has appealed.

Before the case was called for trial, the defendant filed his motion to suppress the evidence, and offered proof in support of the same, which motion was overruled, and the defendant excepted.

The defendant's second assignment of error is that the court erred in overruling plaintiff in error's motion to suppress the evidence. The defendant urges in his motion to suppress the evidence that all the evidence upon which the information is based was illegally obtained by an unlawful search of the automobile of this defendant by the officers without being authorized to make said search by a valid search warrant as required by law; that the pretended search warrant upon which the illegal search and seizure was made was insufficient in both form and substance, as shown by a copy of the search warrant.

In the condition in which we find the record, the second assignment of error is the only one it is deemed necessary to consider. Section 2876, C. O. S. 1921, is as follows:

"A search warrant is an order in writing, in the name of the state, signed by a magistrate, directed to a peace officer, commanding him to search for personal property and bring it before the magistrate."

Section 7009, C. O. S. 1921, in part is as follows:

"If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this act, such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in the county, whom the complaint may designate, commanding him to search the premises described and designated in such complaint and warrant and to seize all such liquor there found."

That part of the search warrant in this case necessary to be referred to is as follows:

"Warrant for Search and Seizure.

"Before me E. B. Ambler, Justice of the Peace, in and for Lincoln County.

"In Re: Application of Lewis Wallace, Sheriff, for search warrant.

"The State of Oklahoma, to————————Greeting: Proof by affidavit having been made before me by———— stating."

It is plain to be seen that the search warrant in this case is void, for the reason that it is not directed to any officer in Lincoln county, or any other county in the state. In Dunn v. State, 40 Okla. Cr. 76, 267 Pac. 279, this court in its syllabus said:

"A search warrant is 'process.' It must run in the name of the state of Oklahoma to some peace officer or

peace officers of the state. It can be served only by the officer mentioned in its direction, but by no other person except in aid of the officer on his requiring it, he being present and acting in its execution." McAdoo v. State, 36 Okla. Cr. 198, 253 Pac. 307.

It is clearly shown from the record in this case that the search warrant upon which the state relied for the officer's authority to search the premises of the defendant was void, for the reason that it was not directed to any peace officer in the county of Lincoln, the county in which the warrant was issued. All of the evidence having been obtained by the services of a void search warrant, it follows that the motion to suppress should have been sustained.

EDWARDS, J., concurs.

CHAPPELL, J. (dissenting). I cannot agree with the majority opinion in this case, for the reason that the officers possessed information entitling them to search defendant's car without a search warrant.

The majority opinion proceeds upon the theory that, since the search warrant was void, that was the only question in the case.

The state conceded the invalidity of the search warrant, because it was not directed to any public officer, but contended that under the facts in the case no search warrant was necessary.

The sheriff testified that, prior to the search of defendant's car by one of his deputies, he knew the defendant; that he knew he had been formerly convicted of possession of intoxicating liquor in Lincoln county, and that he had served a term in the county jail for such offense; that on the day of the search of defendant's car he was ad-

vised by Mr. Van Sickel that defendant was still handling whisky, and would be at a certain place that night with a load of whisky; that, if witness would come that night, Van Sickel would go with him to the place; that Van Sickel furnished him with the description and the license number of the automobile in which the liquor would be conveyed; that he went with Van Sickel to a vacant house; that witness gave defendant a search warrant, and his deputy raised up the turtleback of the car and found a five-gallon keg of whisky; that immediately thereafter witness arrested defendant.

Under the facts as disclosed by this record, defendant had committed a felony of which the sheriff had knowledge.

Shortly after the adoption of the Fourth Amendment to the Constitution of the United States, the Supreme Court of the United States began to make a distinction between searching the home or place of business for that which defendant might lawfully possess and for the search of vessels and other moving vehicles for that which the defendant might not lawfully possess.

In Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 528, 29 L. Ed. 746, that court said:

"The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from a search for and seizure of a man's private books and papers for the purpose of obtaining information therein contained, or of using them as evidence against him. The two things differ toto coelo."

In Carroll v. United States, 267 U. S., page 156, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, that court said:

"Practically since the beginning of the Government, the Fourth Amendment has been construed as recognizing

a necessary difference between a search for contraband in a store, dwelling house, or other structure for the search of which a warrant may readily be obtained, and a search of a ship, wagon, automobile or other vehicle which may be easily moved out of the locality or jurisdiction in which the warrant must be sought.

"The intent of Congress to make a distinction between the necessity for a search warrant in the searching of private dwellings and in that of automobiles and other road vehicles in the enforcement of the Prohibition Act is thus clearly established by the legislative history of the Stanley Amendment. Is such a distinction consistent with the Fourth Amendment? We think that it is. The Fourth Amendment does not denounce all searches or seizures, but only such as are unreasonable.

"Search without a warrant of an automobile and seizure therein of liquor subject to seizure and destruction under the Prohibition Act, do not violate the amendment if made upon probable cause, i. e., upon belief reasonably arising out of the circumstances known to the officers that the vehicle contains such contraband liquor.

"The seizure is legal if the officer in stopping and searching the vehicle, has reasonable or probable cause for believing that contraband liquor is being illegally transported in it."

Under the Constitution and laws of the United States and the Constitution and laws of the state of Oklahoma, intoxicating liquor is contraband, and is by the express provisions of the law of Oklahoma declared not to be property.

This court in Britton v. State, 34 Okla. Cr. 391, 246 Pac. 666; Strong v. State, 42 Okla. Cr. 114, 274 Pac. 890; and Murray v. State, 51 Okla. Cr. 44, 299 Pac. 506, recognized the rule laid down in Carroll v. United States, when it said:

"Search of a car without a warrant of arrest, or search warrant, or knowledge by the officers that it contained intoxicating liquor, or without sufficient knowledge to cause an ordinarily prudent person to act, is illegal."

In the case at bar the officers fell within the rule laid down in Carroll v. United States and the authorities above cited, and no search warrant was necessary.

Contention is also made that the search was illegal because the sheriff did not make the arrest until after the deputy had found the whisky in the back of the car.

Under section 2471, C. O. S. 1921, where a felony has been committed and the officers had reasonable ground to believe the defendant guilty, he had a right to make the arrest. The fact that he handed defendant a void search warrant before making the arrest had no legal effect upon his authority. If the search warrant was void, what difference did it make whether the arrest was made before or after the delivery of the void warrant, since the officer had a legal right to arrest without any warrant or search warrant?

It is more important that the guilty be punished than that officers be taught how to serve papers, or the courts how to conduct trials.

The evidence in this case overwhelmingly establishes the guilt of defendant. To permit him to escape just punishment upon a question of this kind nullifies the law and defeats justice.