CHARLES STARRETT v. W. F. FREEMAN, District Judge.

No. A-5774. Opinion Filed Nov. 28, 1925. (241 Pac. 207.)

See, also, 32 Okla. Cr. 246, 240 P. 748.

Keller & Cameron, Breck Moss, H. H. Brown, Guy Sigler, and Ben F. Williams, for petitioner.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. The petition for writ of mandamus to require W. F. Freeman, district judge of the Eighth judicial district to certify his disqualification in a case wherein Charles Starrett is charged, by information filed in the district court of Love county, with the crime of murder was filed in this court on August 28, 1925, alleging that the case is now pending before the said district judge and is set for trial on this 28th day of August, and that on August 24th petitioner filed with the court clerk of Love county his application praying that said W. F. Freeman, district judge, certify his disqualification to try said cause because of the bias and prejudice of said judge against petitioner; that thereafter, on the 25th day of August, petitioner learned of additional facts showing bias and prejudice of said judge against this petitioner, and on the said day he filed a supplemental motion with the court clerk of Love county, and served a copy thereof on the county attorney. Thereafter on this 28th day of August said judge overruled said motion and supplemental motion, and refused to certify his disqualification to try said cause.

It is further alleged that:

"The killing for which this defendant is charged occurred on the 14th day of July, 1925, and that great publicity was given said killing, and the public press characterized it as a killing of the worse kind; that the said judge immediately announced that he intended to call a special session of the court and try said cause, and that

although said defendant had been arraigned and entered his plea before the said Asa E. Walden, who took jurisdiction of said case, the said judge, the Hon. W. F. Freeman, directed the clerk of this court to set the docket and to place this particular case on the third day of said docket, notwithstanding there were a large number of criminal cases on said docket which had been pending for many months; and the whole object of calling a special term of this court is to try this defendant while the intense feeling engendered by the public press was at its height, and said judge had repeatedly said publicly that he intended to try this case at this time, and that no continuance would be granted, nor agreement of attorneys respected.

"This defendant is informed and believes, and alleges the truth to be, that the counsel for the state and other persons have visited the said judge and discussed this case with him, and that said judge became greatly aroused, and announced his intention to try this case immediately, and, although no appropriation had been made in this county to defray the expenses of this court or to pay the witnesses or jurors, that said court call this term of court for August 24, 1925; that never before in the history of this district has a term of said court been held in said district in the month of August.

"This defendant says that said Hon. W. F. Freeman is a man who seeks publicity, and is a great lover of newspaper publicity, and that said judge has stated on several occasions that the reason he was going to try this case was that people were demanding the trial of said defendant, and that said judge is hostile towards said defendant for said reasons; that although the defendant has been arraigned and entered his plea of not guilty before Hon. Asa E. Walden, and said Walden has taken jurisdiction of said case, and has never released said jurisdiction or disqualified himself in said case, that said Freeman called this court and had the docket set for the very purpose of trying this defendant and for the purpose of securing the publicity and advertisement which the trial of this case would give him. The defendant further alleges upon information and belief that the said Hon. W. F. Freeman came to Marietta, and in the absence of the county attorney and without consulting the said county attorney set this docket.

"The defendant says that all the facts above stated show that the said Hon. W. F. Freeman is biased and prejudiced against him, and that he cannot have a fair and impartial trial before said judge. Defendant further says that on the 24th day of August, 1925, the said judge, Hon. W. F. Freeman, impaneled a jury for the present term of court, and after said jury had been sworn and had qualified to try all cases during said term, the said judge made extended remarks to the said jurors, calling their attention to conditions throughout the United States, and particularly to conditions in Love county, and laid undue emphasis upon their duty to convict, and this defendant believes that said remarks were prompted by the bias and prejudice of the said judge against this defendant; a copy of which remarks are hereto attached marked "Exhibit A" and made a part hereof.

"Defendant says that the facts stated herein were only learned by defendant on the 23d and 24th days of August, 1925."

On the 28th day of August a hearing was had upon the petition, and, upon a consideration of the same, and the affidavits filed in support thereof, and the argument of counsel, it was by the court ordered and adjudged that the writ be denied, the trial having been passed over one day pending this application. The respondent was directed to proceed with the trial.

Under the statute bias and prejudice of the presiding judge to such an extent that a fair and impartial trial cannot be had is sufficient cause to entitle the defendant to have a change of judge. Section 2629, C. S. 1921. The statute further provides that:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request said judge so to certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to

the proper tribunal for mandamus requiring him so to do." Section 2633, C. S. 1921.

Under this section of the statute, if a seasonable application for a change of judge be filed in proper form, and the judge does not admit his disqualification and refuses to certify the same, a petition may be filed for a writ of mandamus to require him to do so; and the question of his disqualification will then be tried out and determined in the appellate court upon the petition and response, and such proof as may there be offered. Whitfield v. Walden, District Judge, 31 Okla. Cr. 332, 239 P. 266. And under this section a defendant seeking to disqualify a trial judge must follow the procedure prescribed. Here it appears that the application was filed for the first time three days before the day set for trial, and the supplemental application was filed on the date set for trial, and no notice of the filing of such application had been given. The witnesses had all been subpœnaed and were in attendance of the court. However, we base our decision upon the higher ground that the facts as set forth in said petition and the affidavits in support thereof are insufficient to entitle petitioner to the relief prayed for.

It is a well settled doctrine in this state that in order to disqualify a trial judge and compel him by mandamus to certify his disqualification on account of bias and prejudice the applicant must show a clear legal right to a writ; otherwise such application will be denied. Lewis v. Russell, Judge, 4 Okla. Cr. 129, 111 P. 818; Ingles v. McMillan, Judge, 5 Okla. Cr. 130, 113 P. 998, 45 L. R. A. (N. S.) 511.

It follows from what has been said that the writ should be and is accordingly denied.