## CIMARRON UTILITIES CO. v. CITY OF GUYMON et al.

No. 25830.     April 2, 1935.

Rainey, Flynn, Green & Anderson and Madden, Adkins, Pipkin & Keffer, for plaintiff in error.

Ross Rizley, Orlando F. Sweet, and Albert C. Hunt, for defendants in error.

BAYLESS, J.   Cimarron Utilities Company, a corporation, plaintiff in error herein and plaintiff below, instituted an action in the district court of Texas county, Okla., against the city of Guymon, a municipal corporation, and its mayor, councilmen, clerk and treasurer, and B & M Construction Corporation, a corporation, defendants in error herein and defendants below.   The parties will be referred to herein as they appeared below, except when cited individually.   The purpose of the action was to enjoin the expenditure of certain money, raised from the sale of bonds, by the city under a contract with the construction corporation.   Judgment was for defendants, and plaintiff brought this appeal.

Plaintiff makes 11 assignments of error, which are divided into three groups, by us, for discussion.

Assignments of error Nos. 1, 2, 3, 8, 9, and 10 present no matter for determination in this appeal which would in any wise be helpful in understanding the case or solving the contested and controverted matters.

Assignments of error 4 and 5, being as follows:

"4.   The Honorable F. Hiner Dale, being a resident citizen and property owner and taxpayer of the city of Guymon, and regular district judge of the district court of Texas county, Okla., and who presided in this hearing, was disqualified.

"5.   Applying for temporary injunction does not waive such disqualification of the judge"

—are related and will be treated together. Number 5 is true as an abstract principle of law, and will not be treated herein as a bar to plaintiff's right to present No. 4, under this record.   Number 4 is not well taken for two reasons:   First.   The application to disqualify the trial judge was not filed until the case was called for trial, and, under Starrett v. Freeman, 32 Okla. Cr. 366, 241 P. 207, this application was not filed in conformity with the statutes nor seasonably. The trial judge stated in the record that, until the minute of the filing of the application to disqualify, he had been led to believe that he was acceptable to all parties. Second.   The only ground of disqualification was the status of the trial judge as a property owner and taxpayer in said city.   Defendants cite City of El Reno v. Cleveland-Trinidad Pav. Co., 25 Okla. 648, 107 P. 163. We believe that case is not applicable to the one under consideration.   The difference between these cases is well pointed out in Cuyamaca Water Co. v. Superior Court (Cal.) 33 A. L. R. 1316 et seq.   The authorities are collected and considered therein, and it is the general rule that a judge who is a property owner and taxpayer in a municipal subdivision of a state, and this property is likely to be affected by the issuance of certain bonds or assessments for improvement districts, etc., is disqualified to sit in an action seeking to enjoin or prevent estab-

lishment of this burden upon the property of the citizens of the municipality, including his own; but, where he is a property owner and taxpayer in a municipality, he is not disqualified to sit in an action seeking to enjoin or prevent the expenditure of revenues of the city, already available. See what we have said in this respect in Lawton, etc., Co. v. City of Lawton, 31 Okla. 458, 122 P. 212. In the instant case the bonds had been voted, and were offered for sale, if not sold. No effort is being made herein to prevent the sale of the bonds, nor the ultimate expenditure of the money; this action is to prevent the expenditure of the money under the present contract.

Assignments of error 6, 7, and 11 are related and will be treated together:

"6. The city having committed itself to the plan of letting this contract upon competitive bidding, such contract is invalid for the reason that there was in fact no competitive bidding.

"7. The contract with the B & M Construction Corporation was not let upon competitive bidding, and such being true, the contract is illegal.

"11. Independent of the fact that the contract was not let or awarded to the lowest and best bidder and even though there is no requirement of any kind for competitive bidding, yet when the council awarded the contract for the substantial sum of $7,600 more than the same work could be obtained for, this was such an abuse of discretion as rendered the contract void."

We address ourselves to Nos. 6 and 7. Both sides are in agreement that the city is not a charter city, but that it operates under the general statutes relating to municipal corporations without charter. They also agree that there is no statute requiring such contracts to be let on competitive bids. Plaintiff contends, however, that the action of the city by the motion or resolution of its proper officials, in directing the city clerk to advertise for bids, taken in its broad and general aspect, was tantamount to adopting by valid, binding ordinance the procedure of competitive bids in letting this contract. We cannot agree with this contention. None of the acts of the city in this transaction rise to the dignity of an ordinance. See 19 R. C. L. p. 895, sec. 194, for a discussion of the difference between an ordinance and a mere motion or resolution. In addition to this, even if the conduct of the city could be treated as rising to the dignity of an ordinance for this purpose, the general rule seems to be that such ordinance may be ig-

nored thereafter by the city. See 19 R. C. L. 1068, sec. 356, note 15; Worthington v. City of Boston, 152 U. S. 695, 38 L. Ed. 603; McQuillin, Municipal Corporations (2d Ed.) vol. 3, p. 868, sec. 1294, note 32; Van Antwerp v. Mobile, 217 Ala. 201, 115 So. 239; O'Dowd v. Waters, 130 S. C. 232, 125 S. E. 644. There is no conflict in the authorities that if there exists no constitution, statute, or charter requirement for competitive bids on municipal contracts, the officials of a municipality are not required to observe the procedure or any of its technicalities. Having come to this conclusion on these assignments of error, there is no merit to the other argument made in support thereof.

Under assignment No. 11, it is argued that there is an abuse of discretion on the part of the city officials apparent upon the face of the record of their proceedings. We cannot agree. The mayor and each of the councilmen were questioned at the trial, and each gave his reason for accepting the bid of B & M, and rejecting the others. There is no showing of abuse of discretion.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.