### KAHN v. GRAY et al.

No. 22297.    April 9, 1935.

J. H. Hays and C. C. Wilkins, for plaintiff in error.

J. W. Dixon, for defendants in error.

PER CURIAM. In the trial court the plaintiff in error was plaintiff and the defendants in error were defendants. Let them be referred to as in the trial court.

The plaintiff instituted this action on October 18, 1929, in the district court of Love county, Okla., against the defendants to foreclose a second mortgage and seeking judgment for the balance due on a $2,000 note executed by W. J. Gray and Ella Gray on May 3, 1919.

Plaintiff's petition alleges in part:

"The petition is the usual form of mortgage foreclosure setting up the note and mortgage and asking judgment upon the note and all the land included in the mortgage sold in satisfaction of the judgment."

The defendants for answer and cross-petition allege, in substance:

"That there was a note and mortgage executed in the amount of $2,000 to Maxwell & Maxwell, and that the said J. E. Maxwell and W. L. Maxwell did assign the above-mentioned mortgage to L. T. Lacy and J. W. Gladney; and that prior to the 10th day of August, 1922, W. J. Gray and Ella Gray were the owners in fee-simple of the 220 acres of land in question; and that prior to the time Maxwell & Maxwell assigned the said mortgage to defendants that the plaintiff, M. Kahn, did agree with W. J. Gray that he, M. Kahn, being the holder of the second and inferior mortgage and the first mortgage coming due he would not pay off the first mortgage held by Maxwell & Maxwell, that the land was not worth the amount of the first mortgage, and that M. Kahn agreed with W. J. Gray if he, W. J. Gray, would get anyone to purchase or take up the first mortgage of $2,000, that he would release the second mortgage and claim no further right or interest by reason of his second mortgage; and further that through the promises of M. Kahn, he, J. W. Gray persuaded and induced the said defendants J. W. Gladney and D. T. Lacy to purchase the first mortgage from Maxwell & Maxwell, relying upon the statement made by M. Kahn that the second and inferior mortgage would be abandoned and that M. Kahn would not claim any further interest by reason of second mortgage on this 220 acres of land; and further, on the

21st day of November, W. J. Gray and Ella Gray deeded the said land to J. W. Gladney and D. T. Lacy, and later D. T. Lacy deeded all of his interest to J. W. Gladney, this deed was placed upon record relying upon the promises of M. Kahn. The defendants further allege that the plaintiff's mortgage is inferior and subject to the defendants' rights and in no way prior to the mortgage of Maxwell & Maxwell."

To the said answer and cross-petition plaintiff filed a demurrer, which was overruled by the court and exception saved.

The plaintiff's reply to answer and cross-petition is as follows:

"For further reply plaintiff pleads the statute of fraud to the allegations and statements contained in said answer and cross-petition; that no note or memorandum in writing, expressing the consideration, was ever made by such contract as alleged in said answer and cross-petition, or of any contract whatever covering the allegations in said answer and cross-petition; that no consideration was paid plaintiff for the alleged contract and release alleged in said answer and cross-petition, and said contract and release was not in writing and no note, or memorandum made thereof."

On August 1, 1912, James LeFlore, the owner of said land, executed and delivered to Maxwell & Maxwell a note and mortgage for $2,000 due and payable five years after date.

On April 23, 1918, James LeFlore conveyed the said land to W. J. Gray, and on May 3, 1919, W. J. Gray borrowed $2,000 from the plaintiff, M. Kahn, and executed a note in said amount maturing January 1, 1920, and on said date W. J. Gray and Ella Gray, his wife, executed a mortgage on the said piece of land together with some town lots in Thackerville, Okla.

On April 17, 1922, W. J. Gray and Ella Gray, his wife, executed and delivered to the plaintiff another mortgage to better secure said note. This second mortgage covered about 150 acres of land in addition to the 220 acres in dispute involved in this case; and that on October 10, 1922, J. W. Gladney, one of the defendants, and D. T. Lacy, another defendant, purchased the $2,000 mortgage indebtedness held by Maxwell & Maxwell on the said 220 acres of land. The note and mortgage maturing on August 1, 1922, no release or assignment of said mortgage was ever filed of record.

On November 21, 1922, W. J. Gray and his wife, Ella Gray, by deed, conveyed said 220 acres of land to J. W. Gladney and D.

T. Lacy, and thereafter, and on April 9, 1926, said D. T. Lacy by deed conveyed all his interest in the land to said J. W. Gladney, and on the 26th day of November, 1926, said J. W. Gladney by deed conveyed said 220 acres of land to his wife, Mrs. Blanche Stevens Gladney.

That on the 21st day of February, W. J. Gray and Ella Gray executed and delivered an extension agreement on the $2,000 mortgage indebtedness dated May 3, 1919, covering the said 220 acres involved herein, said extension to become due and payable January 1, 1931.

On the 26th day of November, 1930, this cause came up for hearing and judgment was entered for the plaintiff, M. Kahn, against the defendants W. J. Gray and Ella Gray, upon the amount of the note sued for, securing said notes on the town lots in Thackerville, and without contest judgment was entered for the defendant J. W. Gladney. The defendant W. J. Gray upon his tax deed quieted his title to the 150 acres of land in the plaintiff's mortgage that J. W. Gladney had obtained by a tax deed. Judgment was rendered for the defendant J. W. Gladney, to which the plaintiff excepted and appealed to this court.

The plaintiff sets up 20 assignments of error, and for brevity's sake this court will deal with the assignments of error made by the plaintiff. Only six assignments of error were called to the attention of the court:

"(1) Error of the court in overruling motion and affidavit to disqualify.

"(2) Error of the court in overruling the demurrer of plaintiff to the answer and cross-petition of J. W. Gladney.

"(3) Error of the court in overruling objection of plaintiff to testimony of W. J. Gray and overruling motion to strike said testimony from the files and consideration of court and jury.

"(4) Error of the court in overruling the demurrer of plaintiff to evidence of the defendants.

"(5) Error of the court in rendering the judgment against plaintiff foreclosing, as first lien, the mortgage taken up by Gladney and Lacy.

"(6) Error of the court in rendering the judgment contrary to the pleadings, testimony and law."

The first assignment of error has to do with the disqualification of the learned trial court. It is very evident that the require-

ments of the statutes were not followed, as will appear from the following provisions of section 2915, Okla. Stats. 1931:

"Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request said judge so to certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do."

The records disclose that on November 26, 1930, the defendants signed affidavit for change of venue. The records also disclose that this was the day set for the trial of the case. There is no evidence or affidavit supporting the said motion.

The records further disclose that on November 26, 1930, a motion to disqualify judge was filed in district court. It is the belief of this court that the learned trial judge was within his rights to overrule said motion as the plaintiff's motion indicates to this court a reluctance to try the case rather than the fear of a biased judge.

Considering the plaintiff's second, third, fourth, and fifth errors, the defense does not rely upon the release of the plaintiff's second mortgage, but merely the fact that it is inferior and second to the defendants' mortgage.

Considering the plaintiff's sixth error, the learned trial judge gives one instruction to the jury:

"Whether or not the plaintiff, M. Kahn, in an oral conversation told W. J. Gray that he would release his mortgage on the 220 acres of land and to get someone to take up the Maxwell & Maxwell mortgage."

The court is in sympathy with the defendants in error's brief, which in part states:

"This court is of the opinion that the pleadings of both the plaintiff and the defendants are in poor condition, that neither did the plaintiff plead the merger of title nor did the defendants plead subrogation, while both the plaintiff and defendants in error have discussed statute of frauds, statute of limitations and doctrine of merger, the pleadings do not disclose sufficient facts to warrant this court's time in considering the same."

It is the opinion of the court that had this cause of action been tried under different pleadings, the result might have been different, but we cannot see where the plaintiff is harmed in this action. The defense does not deny the plaintiff's right, and to hold to the contrary would be allowing the plaintiff something to which he is not entitled. This court does not feel that under the pleadings we should consider the statutes of limitations and doctrine of merger, notwithstanding the fact that they have been ably discussed in the brief; there is no pleading to justify such argument.

After a careful study of all the pleadings, the evidence introduced, and the instructions of the court, we believe the jury weighed all questions brought before them, and that the plaintiff received a fair and unbiased trial, and in view of all these facts we believe the plaintiff has not been denied any of his rights, and that the judgment of the lower court should be sustained. Starrett v. Freeman, 32 Okla. Cr. 366, 241 P. 207; Silverwood v. Carpenter, 51 Okla. 745, 152 P. 381; Big Twelve Oil & Gas Co. v. Eco, 159 Okla. 110, 14 P. (2d) 377; Mellis v. Radabaugh, 34 Okla. 9, 272 P. 423, 426.

The Supreme Court acknowledges the aid of Attorneys J. Howard Lindley, Tom E. Willis, and C. A. Manning in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lindley, and approved by Mr. Willis and Mr. Manning, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.