### KAHN v. GRAY et al.

No. 27579. March 1, 1938.

J. H. Hays and C. C. Wilkins, for plaintiff in error.

J. W. Dixon, for defendants in error.

DAVISON, J. This is an appeal from an order and judgment of the district court of Love county approving a sheriff's sale of certain real estate made upon order of sale issued in favor of J. W. Gladney.

This action is based upon certain rights of the parties hereto growing out of a former judgment rendered in said court, and appealed from to this court. Kahn v. Gray, 171 Okla. 452, 43 P.2d 419.

In 1929, M. Kahn, the plaintiff in error herein, commenced suit in the district court of Love county for foreclosure of a mortgage. J. W. Gladney and Blanche Gladney answered the petition and defended upon the ground that J. W. Gladney had purchased a prior mortgage. In the foreclosure suit brought by Kahn, judgment was entered decreeing J. W. Gladney to have a first and prior lien upon the land involved for the amount of the prior mortgage he had purchased, and further decreed M. Kahn to have a second lien for the amount of his loan. An appeal was taken by Kahn to this court and the judgment of the trial court affirmed allowing J. W. Gladney a first lien.

In February, 1936, J. W. Gladney obtained an order of sale and the sheriff sold the land involved and J. W. Gladney became the purchaser. Before the sale was made, M. Kahn presented a motion to recall the order of sale. The motion was overruled by the court, and after the sale he presented a protest to the approval of the sale, which was likewise overruled and the sale confirmed. From the action of the court, M. Kahn has brought this appeal. Three assignments of error are presented.

It is first contended that the order of sale was issued and the sheriff's sale held before the mandate from this court confirming the judgment was spread of record in the district court and that the order of sale was issued without authority, and sale is therefore invalid. The mandate had been duly received by the clerk, but not recorded. Inasmuch as the cause must be reversed on other grounds, it is not necessary to discuss this contention.

It is next contended that the order of sale did not conform to the order of the trial court contained in the judgment. The order of sale provides for a sale of the property without appraisement. The judgment does not provide for a sale of the property without appraisement and is silent as to how the sale should be made. It is not shown what is provided in the mortgage as to how the sale should be made. The sale should conform to the judgment or order of the court. Price et ux. v. Citizens' State Bank of Mediapolis, 23 Okla. 723, 102 P. 800; Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

"Where, on the foreclosure of a mortgage, the real estate covered thereby is sold without appraisement, and an appraisement has not been waived, such sale is void." Brown v. State Nat. Bank of Shawnee, 133 Okla. 173, 271 P. 833; Johnson v. Lynch, 38 Okla. 145, 132 P. 350; section 451, O. S. 1931.

It is next contended that the order of sale was not run in the name of the "State of Oklahoma."

Article 7, section 19, of the Constitution of the state of Oklahoma provides: "The style of all writs and processes shall be 'The State of Oklahoma.'"

In Richmond v. Robertson, 50 Okla. 635, 151 P. 203, this court held:

"An order of sale issued for the sale of property in a foreclosure proceeding is a special execution and a writ or process, and as such must run under the style required by the Constitution (art. 7, sec. 19), the 'State of Oklahoma.'" Followed by Conditt v. McKinley, 94 Okla. 266, 221 P. 1007; Martin v. Hostetter, 59 Okla. 246, 158 P. 1174; Folsom v. Mid-Continent Life Insurance Co., 94 Okla. 181, 221 P. 486.

This court holds that the sheriff's sale is void and that the trial court committed error in overruling the motion to recall the order of sale and in confirming the sale which was protested by the plaintiff in error.

The judgment is reversed and the cause remanded and the sale vacated.

OSBORN, C. J., and PHELPS, GIBSON, and HURST, JJ., concur.